# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 4, 2010

Lyle W. Cayce
Clerk

No. 10-40277
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FABIAN LECHUGA-ESPARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CR-992-1

Before  HIGGINBOTHAM, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Fabian Lechuga-Esparza was convicted of one count of illegal reentry into the United States and was sentenced to serve 46 months in prison.  In this appeal, he contends that his sentence is unreasonable because the district court failed to accord the proper amount of weight to his mitigating factors, such as his reasons for returning to the United States, and gave too much weight to other factors, such as his criminal history, without taking into consideration the fact that his prior offenses were due to his former drug addiction.  Because Lechuga-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Esparza failed to mention his drug problem to the district court, his argument concerning this factor is reviewed for plain error only. *Puckett v. United States*, 129 S. Ct. 1423, 1428-29 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). His remaining arguments concerning the reasonableness of his sentence are unavailing, and our review of the record and pertinent jurisprudence shows no abuse of discretion in connection with the sentence imposed. *United States v. Delgado-Martinez,* 564 F.3d 750, 752 (5th Cir. 2009).

Insofar as Lechuga-Esparza challenges the district court's weighing of his mitigating sentencing factors, this argument amounts to a disagreement with the district court's analysis of these factors and the appropriateness of his within-guidelines sentence. This disagreement does not suffice to show error in connection with his sentence. *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Lechuga-Esparza has not rebutted the presumption of reasonableness that attaches to his within-guidelines sentence, nor has he shown that his sentence was unreasonable. *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006).

Additionally, Lechuga-Esparza preserves for further review a challenge to the presumption of reasonableness on the basis that § 2L1.2 is not empirically grounded. This challenge is, as he concedes, unavailing under our prior cases. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).

AFFIRMED.